Evarista GARCIA, individually and on behalf of her minor child Michelle Merino, Plaintiff–Appellee,

v.

Larry BROWN, individually and in his official capacity, Defendant–Cross–Claimant–Appellant,

Tanya Parson, Defendant–
Cross–Defendant,

City of White Plains, Defendant,

White Plains Police Department,
Defendant–Cross–Claimant.

No. 06–4112–cv.

United States Court of Appeals,
Second Circuit.

March 11, 2008.

Joseph A. Maria, (Francis Dapice Marinelli, on the brief) White Plains, NY, for Appellant.

Michael H. Joseph, Osorio & Associates, LLC, White Plains, NY, for Appellee.

Present: Hon. RALPH K. WINTER, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. BRIAN M. COGAN, District Judge.[1]

### SUMMARY ORDER

Defendant–Appellant Larry Brown appeals from an August 2, 2006, 442 F.Supp.2d 132, decision of the United States District Court for the Southern District of New York (McMahon, J.) denying him summary judgment on Plaintiffs–Appellees Evarista Garcia and Michelle Merino's claim under 42 U.S.C. § 1983. The District Court found that Plaintiffs were entitled to a trial on their claim that Brown facilitated Defendant Tanya Parson's attack on them, which violated their Fourteenth Amendment rights to Due Process either as a result of the excessive force used by Parson, *see Hemphill v. Schott,* 141 F.3d 412, 418 (2d Cir.1998), or as a result of Brown's failure to intervene, *see Dwares v. New York,* 985 F.2d 94, 98 (2d Cir.1993). In so doing, the District Court rejected Brown's motion for summary judgment under Federal Rule of Civil Procedure 56(c) and on the grounds of qualified immunity. Familiarity by the parties is assumed as to the facts, the

[1]. The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

procedural context, and the specification of appellate issues.

An order denying summary judgment is not usually an appealable "final decision" within the meaning of 28 U.S.C. § 1291. *Mitchell v. Forsyth,* 472 U.S. 511, 524, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). However, there are exceptions when the doctrine of qualified immunity is invoked. *Salim v. Proulx,* 93 F.3d 86, 89 (2d Cir.1996). An order denying summary judgment on the ground of qualified immunity "as a matter of law" is appealable, but if a district court has identified genuinely disputed issues of material fact that must be resolved in order to adjudicate the immunity defense, the order remains unappealable. *Martinez v. City of Schenectady,* 115 F.3d 111, 114 (2d Cir.1997).

The elements of a § 1983 claim are: (1) that the conduct in question deprived a person of a right, privilege, or immunity secured by the Constitution or the laws of the United States, and (2) that the acts were attributable at least in part to a person acting under color of state law. *See Dwares,* 985 F.2d at 98. In *Dwares,* this Court found that "a prearranged official sanction of privately inflicted injury . . . violated the victim's rights under the Due Process Clause" and could thus form the basis of a § 1983 claim. *Id.* at 99. Here, the District Court found that:

> If a reasonable jury believed Garcia's version of events . . ., it could infer—by coupling the Brown–Parson [conversation before Parson's attack] . . . with Brown's extraordinary and most unprofessional inaction during the subsequent attack on Garcia and her daughter—that Brown somehow communicated to Parson that she should proceed with her assault and he would not interfere. Based on Garcia's testimony that Officer Brown allowed Parson to attack her and her daughter while he looked on from

his squad car—and that he refused to respond to two pleas for assistance directed to him—a reasonable jury could find that Brown's actions "shocked the conscience," and thus were sufficient to create *Dwares* liability.

On appeal, Brown couches all of his arguments as reasons why he is entitled to a defense of qualified immunity; in reality, most of his arguments—if accepted by this Court—are also reasons why he is entitled to judgment as a matter of law. *See* F.R.C.P. 56(c) ("The judgment sought should be rendered if . . . there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law.").

First, Brown argues that Plaintiffs fail to raise an issue of fact with regard to their claim that he pre-sanctioned Parson's attack, because he never had the conversation with Parsons during which Garcia and Merino allege that the sanction took place. We reject Brown's argument as his denial actually highlights the disputed issue of fact underlying Plaintiffs' *Dwares*-based § 1983 claim: Whether the conversation Garcia alleged she observed in her sworn deposition actually took place. *See also Fisher v. Shamburg,* 624 F.2d 156, 162 (10th Cir.1980) (holding that where the issue of conspiracy must be resolved on the credibility of the witnesses, summary judgment is inappropriate).

Second, Brown argues that the District Court must have determined that there was no conspiracy between Brown and Parson when it dismissed Plaintiffs' § 1985 claim for conspiracy to violate Plaintiffs' equal protection rights because of Garcia's race. Thus, the District Court had to determine that Brown's alleged conversation with Parson before the assault was innocuous. We reject this claim. The District Court rejected Plaintiffs' § 1985 claim on the grounds that "the record . . .

contains no competent evidence of racial or ethnic animus on Brown's part," and specifically noted that: "This does not mean that the jury will not hear evidence ... related to the purported conspiracy. There is no requirement under § 1983 that a party be motivated by racial or ethnic animus.... So testimony about the conversation (or lack of any conversation) ... is still relevant [to] the *Dwares* claim."

Finally, we reject Brown's claim that "a reasonable jury could not find that the inaction of ... a police officer who did not find a playground bully fast enough" "shocks the conscience" as required for a § 1983 claim. Brown again ignores disputed facts at issue (i.e., whether the conversation took place and whether Brown looked on while Garcia and her daughter were assaulted).

This Court has held that:

Our analysis of a qualified immunity claim consists of a three step inquiry. First, we must determine whether plaintiff has alleged a violation of a constitutional right. Then we consider if the violated right was clearly established at the time of the conduct. Finally, if plaintiff had a clearly established, constitutionally protected right that was violated by the actions of the [defendants], he or she must demonstrate that defendants' actions were not objectively reasonable.

*Harhay v. Ellington Bd. of Educ.*, 323 F.3d 206, 211 (2d Cir.2003) (internal citations omitted). Though Brown claims that he is "entitled to qualified immunity because [Plaintiffs] did not clearly establish a constitutional right to Due Process," he offers no critique of the District Court's determination that *Dwares* clearly established an individual's Fourteenth Amendment right to be free from the sort of officially pre-sanctioned violence Plaintiffs allege in this case. Rather, Brown argues that Plaintiffs cannot meet the third step of the qualified immunity inquiry—that his actions were not "objectively reasonable." The District Court found that if a jury credited Plaintiffs' testimony regarding the alleged conversation and Brown's inaction while observing Parson and the group of youngsters attacking Garcia and Merino, "no reasonable police officer could have thought he was privileged to act (or not act) as Officer Brown did—especially a policeman who was aware, as Brown was, that Garcia had been assaulted by the same individuals only moments earlier." Brown's claim to the contrary—that his failure to find the suspect described by Garcia quickly enough was objectively reasonable—simply ignores an underlying disputed issue of fact once again (i.e., whether he pre-sanctioned Parson's assault) and is thus unpersuasive.

Brown also challenges the District Court's finding that Plaintiffs established another viable basis for their § 1983 claim: Parson's use of excessive force. In *Hemphill*, this Court found that "[o]ne embodiment of [a] claim for relief from excessive force based in Due Process is the situation in which the state actor aids and abets a private party in subjecting a citizen to unwarranted physical harm." 141 F.3d at 418. The District Court found Plaintiffs' claim that the "force used against them by Parson ought to be imputed against Officer Brown by virtue of their ... conspiracy" in violation of § 1983's prohibition on excessive force to be viable under *Hemphill*. Brown's argument that the injuries suffered by Plaintiffs were not severe enough to implicate § 1983's prohibition on excessive force was not raised by Defendants below.[2] Even if we were inclined to con-

2. Though Brown claims to have briefed this      argument below, the three parts of the record

sider the argument, because Defendants did not challenge the severity of Plaintiffs' injury below, it is not apparent from the limited factual record before us how severe those injuries were.

Because Brown is not entitled to qualified immunity as a matter of law and there are disputed issues of material fact that must be resolved in order to adjudicate his immunity defense, the District Court's order is not an appealable "final decision" within the meaning of 28 U.S.C. § 1291. *See Martinez,* 115 F.3d at 114.

Accordingly, for the reasons set forth above, the appeal is hereby DISMISSED.

that he cites for this proposition are: a few sentences in the procedural history section of his brief below indicating that Michelle Merino was not seriously injured in the attack; the two-page argument in his brief below that Brown himself did not use excessive force; and a nearly thirty page long section of the record containing declarations by several of plaintiffs' witnesses and plaintiffs' brief below. None of the these citations support Brown's claim.